# EXHIBIT A

# Superior Court of the District of Columbia

CIVIL DIVISION - CIVIL ACTIONS BRANCH

INFORMATION SHEET

MICHAEL BROWN
_____
Plaintiff(s)

vs

CBS BROADCASTING INC., et. al.
_____
Defendant(s)

Case Number: _____

Date: APRIL 7, 2026 _____

☐ One of the defendants is being sued
   in their official capacity.

| Name: *(Please Print)* <br> Charles Tolliver | Relationship to Lawsuit |
|---|---|
| Firm Name: <br> The Law Office of Charles Tolliver, PLLC | ☑ Attorney for Plaintiff |
| Telephone No.:              DC Bar No.: <br> (202) 998-7727      1011979 | ☐ Self (Pro Se) <br> ☐ Other: _____ |

TYPE OF CASE:     ☐ Non-Jury          ☐ 6 Person Jury          ☑ 12 Person Jury

Demand: $ 10,000+ _____          Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____          Judge: _____          Calendar #:_____

Case No.:_____          Judge: _____          Calendar #:_____

---

NATURE OF SUIT:          *(Check One Box Only)*

**CONTRACT**

☐ Breach of Contract
☐ Breach of Warranty
☐ Condo/Homeowner Assn. Fees
☐ Contract Enforcement
☐ Negotiable Instrument

**COLLECTION/INS. SUB**

☐ Debt Collection
☐ Insurance Subrogation
☐ Motion/Application for Judgment by Confession
☐ Motion/Application Regarding Arbitration Award

**EMPLOYMENT DISPUTE**

☐ Breach of Contract
☑ Discrimination
☐ Wage Claim
☐ Whistle Blower
☐ Wrongful Termination

**REAL PROPERTY**

☐ Condo/Homeowner Assn. Foreclosure
☐ Declaratory Judgment
☐ Drug Related Nuisance Abatement

☐ Ejectment
☐ Eminent Domain
☐ Interpleader

☐ Other
☐ Quiet Title
☐ Specific Performance

☐ **FRIENDLY SUIT**
☐ **HOUSING CODE REGULATIONS**
☐ **QUI TAM**
☐ **STRUCTURED SETTLEMENTS**

**ADMINISTRATIVE PROCEEDINGS**

☐ Administrative Search Warrant
☐ App. for Entry of Jgt. Defaulted Compensation Benefits
☐ Enter Administrative Order as Judgment
☐ Libel of Information
☐ Master Meter
☐ Petition Other

☐ Release Mechanics Lien
☐ Request for Subpoena

**MALPRACTICE**

☐ Medical – Other
☐ Wrongful Death

**AGENCY APPEAL**

☐ Dangerous Animal Determination
☐ DCPS Residency Appeal
☐ Merit Personnel Act (OEA)
☐ Merit Personnel Act (OHR)
☐ Other Agency Appeal

☐ **APPLICATION FOR INTERNATIONAL FOREIGN JUDGMENT**

CV-496/February 2023

# Information Sheet, Continued

**CIVIL ASSET FORFEITURE**
- ☐ Currency
- ☐ Other
- ☐ Real Property
- ☐ Vehicle

**NAME CHANGE/VITAL RECORD AMENDMENT**
- ☐ Birth Certificate Amendment
- ☐ Death Certificate Amendment
- ☐ Gender Amendment
- ☐ Name Change

**TORT**
- ☐ Abuse of Process
- ☐ Assault/Battery
- ☐ Conversion
- ☐ False Arrest/Malicious Prosecution
- ☐ Libel/Slander/Defamation
- ☐ Personal Injury
- ☐ Toxic Mass
- ☐ Wrongful Death (Non-Medical Malpractice)

**GENERAL CIVIL**
- ☐ Accounting
- ☐ Deceit (Misrepresentation)
- ☐ Fraud
- ☐ Invasion of Privacy
- ☐ Lead Paint
- ☐ Legal Malpractice
- ☐ Motion/Application Regarding Arbitration Award
- ☐ Other - General Civil

- ☐ Product Liability
- ☐ Request for Liquidation
- ☐ Writ of Replevin
- ☐ Wrongful Eviction

**CIVIL I/COMPLEX CIVIL**
- ☐ Asbestos

**MORTGAGE FORECLOSURE**
- ☐ Non-Residential
- ☐ Residential

**STATUTORY CLAIM**
- ☐ Anti – SLAPP
- ☐ Consumer Protection Act
- ☐ Exploitation of Vulnerable Adult
- ☐ Freedom of Information Act (FOIA)
- ☐ Other

**TAX SALE FORECLOSURE**
- ☐ Tax Sale Annual
- ☐ Tax Sale Bid Off

**VEHICLE**
- ☐ Personal Injury
- ☐ Property Damage

☐ **TRAFFIC ADJUDICATION APPEAL**

☐ **REQUEST FOR FOREIGN JUDGMENT**

_____          APRIL 7, 2026
    Filer/Attorney's Signature              _____
                                                      Date

CV-496/February 2023

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| **MICHAEL BROWN**,<br>14301 Duncannon Court<br>Bowie, MD 20721<br>　　　　*Plaintiff*,<br><br>　　　v.<br><br>**CBS BROADCASTING INC.**,<br>1515 Broadway<br>New York, NY 10036<br><br>**PARAMOUNT GLOBAL INC.**,<br>1515 Broadway<br>New York, NY 10036<br><br>and<br><br>**IBEW LOCAL 1200,**<br>6500 Seven Locks Road, Suite 200<br>Cabin John, MD 20818<br>　　　　*Defendants*. | Case No.: _____ |

**COMPLAINT**

**COMES NOW**, Plaintiff Michael Brown, by and through undersigned Counsel, Charles Tolliver, and alleges as follows:

## I.    NATURE OF THE ACTION

1. This action arises from Defendants' unlawful discrimination against Plaintiff on the basis of race and age in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA").

2. Plaintiff Michael Brown is an African-American male over the age of 60 who devoted approximately forty years of his professional career to CBS, including work connected to its Washington, D.C. operations.

1

3. Despite this lengthy and successful tenure, Plaintiff was abruptly terminated following allegations of misconduct arising from two incidents.

4. The investigations leading to Plaintiff's termination was materially deficient, incomplete, and one-sided.

5. CBS failed to follow its standard investigative practices, failed to consider exculpatory evidence, failed to interview relevant witnesses, and failed to provide Plaintiff a meaningful opportunity to respond before terminating his employment.

6. These departures from standard procedures were not minor irregularities; they reflect a breakdown in the normal decision-making process and support a reasonable inference that the stated reasons for Plaintiff's termination were pretextual.

7. Upon information and belief, CBS routinely imposes lesser discipline, including progressive discipline, in comparable misconduct cases, particularly those involving interactions with third parties and especially during work-related travel.

8. Plaintiff, however, was subjected to the most severe disciplinary action available—termination—under circumstances that differ materially from CBS's typical practices.

9. Courts have repeatedly recognized that a plaintiff may state a plausible claim for discrimination by alleging that an employer departed from standard procedures, treated similarly situated employees more favorably, or relied on inconsistent or shifting explanations for an adverse action.

10. Plaintiff's allegations, taken as true, support a reasonable inference that Defendants' actions were not the result of neutral decision-making, but were instead influenced by unlawful considerations.

11. Following his termination, Plaintiff sought representation from his union, IBEW Local 1200.

2

12. In or about June 2024, the union agreed that Plaintiff's grievance had merit and affirmatively sought reinstatement on his behalf.

13. This initial determination reflects that IBEW Local 1200 believed Plaintiff had been treated unfairly and that his termination warranted challenge.

14. However, in or about August 2024, without identifying any materially new evidence or changed circumstances, IBEW Local 1200 reversed its position and declined to further represent Plaintiff.

15. This unexplained reversal was inconsistent with IBEW Local 1200's prior position and inconsistent with its obligation to treat similarly situated members fairly.

16. Contemporaneous with that reversal, a union representative stated that Plaintiff was "late in his career."

17. This statement was made in connection with the IBEW Local 1200's decision not to pursue Plaintiff's grievance and reflects reliance on Plaintiff's age as a factor in determining whether to provide representation.

18. Courts have likewise recognized that discriminatory intent may be inferred from inconsistent decision-making, deviations from established practices, and statements reflecting consideration of protected characteristics.

19. IBEW Local 1200's conduct—initially supporting Plaintiff's grievance and then reversing course without new evidence while invoking Plaintiff's career stage—supports a plausible inference that its decision was influenced by discriminatory considerations.

20. Taken together, CBS's flawed and disparate treatment of Plaintiff and IBEW Local 1200's inconsistent and age-tinged refusal to represent him form a coherent pattern of conduct that cannot be explained by neutral decision-making alone.

21. At the pleading stage, Plaintiff need only allege sufficient facts to raise a reasonable inference of discrimination; he is not required to prove his claims or identify specific comparators prior to discovery.

22. Plaintiff has met that standard.

## II.    JURISDICTION AND VENUE

23. This action arises under the laws of the United States, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et. seq.*

24. This Court has subject matter jurisdiction pursuant to D.C. Code § 11-921, which grants the Superior Court of the District of Columbia original jurisdiction over civil actions at law or in equity.

25. Federal law does not vest exclusive jurisdiction over Plaintiff's claims in the federal courts. Accordingly, this Court possesses concurrent jurisdiction as a court of competent jurisdiction to adjudicate Plaintiff's federal statutory claims.

26. Plaintiff brings this action in this Court pursuant to its general jurisdiction and its authority to hear federal claims where Congress has not provided for exclusive federal jurisdiction.

27. Venue is proper in the Superior Court of the District of Columbia because a substantial portion of the events giving rise to Plaintiff's claims occurred in or were directed to the District of Columbia.

28. Plaintiff performed substantial work connected to CBS's operations in the District of Columbia, reported through supervisory and administrative structures tied to this District, and would have continued working in connection with this District but for Defendants' unlawful conduct.

4

29. The effects of Defendants' conduct were felt in the District of Columbia, and Plaintiff's employment relationship was substantially connected to this jurisdiction.

30. The District of Columbia has a strong interest in adjudicating employment disputes involving work performed in or directed to this jurisdiction.

## III.    PARTIES

31. Plaintiff Michael Brown is an African-American male over the age of 60.

32. Plaintiff worked for CBS for approximately forty years and was qualified for his position.

33. Defendant CBS Broadcasting Inc. ("CBS") is an employer within the meaning of Title VII and ADEA.

34. Defendant Paramount Global Inc. exercised centralized control over CBS's employment policies, human resources functions, and disciplinary decisions, and participated in or ratified the decision to terminate Plaintiff.

35. Defendant IBEW Local 1200 is a labor organization within the meaning of Title VII and ADEA.

## IV.    ADMINISTRATIVE EXHAUSTION

36. Plaintiff timely filed a Charge of Discrimination with the EEOC.

37. The EEOC issued a Notice of Right to Sue.

38. Plaintiff filed this action within 90 days of receipt.

## V.    FACTUAL ALLEGATIONS

39. Plaintiff devoted approximately four decades of service to CBS.

40. Plaintiff performed his duties satisfactorily and was qualified for his position.

41. Prior to the events at issue, Plaintiff did not have a history of any disciplinary infractions.

42. In or about June 2024, Plaintiff was accused of misconduct during a business trip.

43. CBS conducted an investigation that departed from standard practices.

44. The investigation failed to include reasonable steps such as interviewing relevant witnesses, reviewing exculpatory evidence, or providing Plaintiff a meaningful opportunity to respond.

45. On or about June 14, 2024, CBS terminated Plaintiff's employment.

46. These procedural deficiencies, when considered together, support a reasonable inference that the stated reasons for Plaintiff's termination were not the true reasons.

47. Upon information and belief, CBS has, in other instances, investigated allegations of misconduct involving other employees in a more thorough and balanced manner.

48. Upon information and belief, CBS has imposed lesser discipline, including warnings, suspensions, or progressive discipline, in comparable cases.

49. Plaintiff was denied the benefit of such treatment.

50. Because information regarding other employees is within Defendants' exclusive control, Plaintiff will seek such information in discovery.

51. The combination of procedural irregularities, disparate treatment, and Plaintiff's protected characteristics supports a plausible inference of discrimination.

52. Following his termination, Plaintiff sought representation from IBEW Local 1200.

53. In or about June 2024, IBEW Local 1200 determined Plaintiff's grievance had merit and sought reinstatement.

54. In or about August 2024, IBEW Local 1200 reversed its position and declined to represent Plaintiff.  *See* Exhibit 1.

55. IBEW Local 1200 did not identify any materially new evidence justifying this reversal.

56. This inconsistency supports an inference that the decision was not based solely on the merits.

57. In or about August 2024, an IBEW Local 1200 representative stated that Plaintiff was "late in his career."

58. This statement was made in connection with IBEW Local 1200's decision and reflects consideration of Plaintiff's age.

59. Upon information and belief, IBEW Local 1200 has provided representation to younger members in comparable circumstances.

60. IBEW Local 1200's refusal to represent Plaintiff was based on discriminatory considerations.

61. As a direct result of Defendants' actions, Plaintiff has suffered economic loss, emotional distress, and reputational harm.

## VI.    CAUSES OF ACTION

### COUNT I:    Title VII – Race Discrimination
(Against CBS & Paramount)

62. Plaintiff incorporates all prior paragraphs.

63. Plaintiff is a member of a protected class.

64. Plaintiff was qualified.

65. Plaintiff suffered an adverse employment action.

66. Defendants treated Plaintiff less favorably than similarly situated employees outside his protected class.

67. Race was a motivating factor.

### COUNT II:    ADEA – Age Discrimination
(Against CBS & Paramount)

68. Plaintiff incorporates all prior paragraphs.

69. Plaintiff was over 40.

70. Plaintiff was qualified.

71. Plaintiff suffered adverse action.

72. Absent Plaintiff's age, Defendants would not have terminated his employment.

COUNT III:    Title VII – Race Discrimination
(Against IBEW)

73. Plaintiff incorporates all prior paragraphs.

74. IBEW treated Plaintiff less favorably than similarly situated members.

75. Race was a motivating factor.

COUNT IV:    ADEA – Age Discrimination
(Against IBEW)

76. Plaintiff incorporates all prior paragraphs.

77. IBEW refused representation while providing it to younger members.

78. The "late in his career" statement reflects age-based decision-making.

79. Age was a motivating factor.

**VII.    PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests:

a)  Back pay;

b)  Front pay or reinstatement;

c)  Compensatory damages;

d)  Liquidated damages

e)  Court Costs including reasonable attorney fees; and

f)  Any further relief the Court deems appropriate.

8

**DATED:      APRIL 7, 2026**

Respectfully submitted,


*/s/Charles Tolliver*

Charles Tolliver (D.C. Bar #1011979)
The Law Office of Charles Tolliver, PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
O: (202) 973-0183 or (202) 998-7727
charles@legalsupportdc.com

9

**Exhibit 1**

 Outlook

---

**Fwd: IBEW Local 1200 – CBS Grievance**

---

**From** michael brown <mbrowntv@msn.com>

**Date** Mon 10/7/2024 11:01 AM

**To**    Charles Tolliver <charles@legalsupportdc.com>

**Attorney-Client Privilege**

**From:** geoff.turner@ibew1200.org
**Date:** August 23, 2024 at 1:30:54 PM EDT
**Subject: Re: IBEW Local 1200 – CBS Grievance**

August 23, 2024
**Via Email**
Michael Brown

     Re:     IBEW Local 1200 – CBS Grievance

Dear Mike:

As you know, IBEW Local 1200 filed a grievance with CBS Broadcasting, Inc. in response to your termination in June of this year.

After conducting a thorough investigation and meeting with CBS multiple times to discuss this grievance, Local 1200 has concluded that it will not proceed with the grievance protesting your termination.

Specifically, CBS has produced documentation that, if introduced at an arbitration hearing, would more likely than not lead an arbitrator to conclude that CBS has just cause of your termination. The Union, with your assistance, was unable to identify documentation that would likely persuade an arbitrator otherwise. Therefore, Local 1200 has decided that demanding arbitration on the grievance protesting your discharge would not be a good use of its resources at this time.

Please contact me if you have any questions or if there is anything

more Local 1200 can do to assist you.

Sincerely,
Geoff

Geoff Turner
Business Manager/ Financial Secretary

**IBEW Local 1200**
6500 Seven Locks Road
Suite 200
Cabin John, Maryland 20818

202-373-2348 (cell)

**Local 1200 Website:** https://ibew1200.org/