## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Michael Brown | ) |
|  | ) |
| Plaintiff, | )   Civil Action No.: 1:26-cv-02080-MSJ |
|  | ) |
| v. | ) |
|  | ) |
| CBS Broadcasting Inc. et al. | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

### STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 1200 MOTION TO DISMISS

Defendant International Brotherhood of Electrical Workers, Local 1200, submits the following statement of Points and Authorities in Support of Its Motion to Dismiss Counts III and IV of Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the Rules of this Court. This action arises from Plaintiff Michael Brown's termination from employment with CBS Broadcasting, following multiple allegations of misconduct. *See* Complaint ("Compl.") §§ 2-4. Defendant International Brotherhood of Electrical Workers, Local 1200, joins Defendants CBS Broadcasting Inc. ("CBS") and Paramount Global Inc. ("Paramount") in moving to dismiss the instant claim for failing to timely file a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Even if the charge was timely, the Plaintiff has not plausibly alleged sufficient facts to show that the International Brotherhood of Electrical Workers, Local 1200, violated Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA") when it declined to take his grievance

1

regarding his termination to arbitration. *Id.* §§ 73-75 (Count III), 76-79 (Count IV). Accordingly, the Court should dismiss Counts III and IV of the Complaint.

## I.    STATEMENT OF FACTS[1]

Plaintiff Michael Brown was an employee of CBS and a member of the Union.  Compl. §§ 2, 11, 52. In or around June 2024, Plaintiff was accused of misconduct during a business trip. Compl. § 42. CBS conducted an investigation into the misconduct and, on June 14, 2024, terminated Brown from employment following "allegations of misconduct arising from two incidents."  Compl. §§ 3, 43, 45.

After the termination, Brown went to his union, the International Brotherhood of Electrical Workers, Local 1200 ("Union" or "Local 1200"), for representation.  Compl. §§ 11-12, 52-53. In June 2024, the Union filed a grievance with CBS regarding his termination. Compl. Ex. 1. After conducting a "thorough investigation" into the grievance, including reviewing documents from CBS, and meeting with CBS multiple times, the Union concluded it would not proceed with the grievance challenging Brown's termination.  *Id.*; *see also* Compl. §§ 14, 54.  The Union ultimately determined that the documents CBS provided, if introduced at an arbitration hearing, "would more likely than not lead an arbitrator to conclude CBS has just cause [for his] termination," and that it was unable, even with the assistance of Brown, to identify any documentation that would "persuade an arbitrator otherwise." Compl. Ex. 1. Accordingly, the Union decided that demanding

---

[1] For the purposes of this Motion, the factual allegations are drawn from the Plaintiff's Complaint, Exhibit 1 to the Complaint, and documents specifically referenced in the complaint.  *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997) (holding court may consider documents incorporated within or attached to the complaint in determining whether the complaint fails to state a claim);  *see also Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1133 (D.C. Cir. 2015) ("A district court may consider a document that a complaint specifically references without converting the motion into one for summary judgment.").

arbitration over Brown's termination grievance "would not be a good use of its resources at this time." *Id.* The Union informed Brown of its decision on August 23, 2024. *Id.*

In or around August 2024, Brown alleges a Union "representative," in connection with the Union's determination to not proceed with the grievance, stated Brown was "late in his career." Compl. §§ 16, 57. Brown filed a charge with the U.S. Equal Employment Opportunity Commission on December 15, 2025, 479 days after the Union declined to move forward with Brown's grievance. *Id.* § 36; *see also* Ex. A.[2]

## II.  **ARGUMENT**

### A.    **STANDARD OF REVIEW**

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim or complaint." *Sickle v. Torres Advanced Enter. Sols, LLC*, 884 F.3d 338, 344 (D.C. Cir. 2018).  To survive a Rule 12(b)(6) motion, a claim "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Accordingly, a claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While the complaint is construed in the light most favorable to the plaintiff, "the Court need not accept inferences drawn by plaintiff if those inferences are not supported by the facts set out in the complaint, nor must the court accept legal conclusions cast as factual allegations." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir.

---

[2] Exhibit A is Plaintiff Brown's Charge of Discrimination, filed with the EEOC on December 15, 2025. Courts can take judicial notice of EEOC charges without converting a motion to dismiss into a motion for summary judgment. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F. 3d 621, 624 (D.C. Cir. 1997); *see also Williams v. Chu*, 641 F. Supp. 2d 31, 35 (D.D.C. 2009) (finding court can take judicial notice of information in EEOC Charge and the agency's determination on the Charge because such documents are public records).

2012). When deciding a Rule 12(b)(6) motion, "the court may consider the facts alleged in the complaint, documents attached thereto or incorporated therein and matters of which it may take judicial notice." *Stewart v. Nat'l Educ. Ass'n*, 471 F.3d 169, 173 (D.C. Cir. 2006).

### B.    PLAINTIFF'S CLAIMS AGAINST THE UNION ARE TIME-BARRED

Plaintiff's asserted claims of discrimination against the Union are barred under the applicable statute of limitations and therefore not actionable. For claims under Title VII or the ADEA, a complainant must bring a charge of discrimination with the EEOC within 300 days of the unlawful action. *See* 42 U.S.C. § 2000e-5(e)(1); *Tucker v. Howard Univ. Hosp.*, 764 F. Supp. 2d 1, 6 (D.D.C. 2011) (affirming deadline to file EEO charge in DC is 300 days from date of discrimination); *see also Cooper v. Henderson*, 174 F. Supp. 3d 193, 202 (D.D.C. 2016) (stating that Title VII enforcement provisions apply to claims under the ADEA). Failure to file claims of discrimination with the EEOC or the D.C. Office of Human Rights within 300 days of the act of discrimination results in such claims being time-barred and not actionable in court. *See Leftwich v. Gallaudet Univ.*, 878 F. Supp. 2d 81, 90-91 (D.D.C. 2012) (stating that if an employee does not submit a timely EEOC charge, then the employee may not bring a claim in court).

Plaintiff's claims against the Union are untimely and should therefore be dismissed. As described in his EEOC charge, the Plaintiff's claims against the Union arise from the Union's "denial of union representation and grievance processing."[3] Ex. A at 2. The Union informed Brown of its determination to not proceed with Brown's grievance on August 23, 2024. *See* Compl. Ex. 1. 479 days later, Brown filed his charge with the EEOC. *See* Ex. A. Plaintiff does not allege that

---

[3] To the extent Plaintiff Brown alleges that the Union's processing of the grievance breached its duty of fair representation, such claim is time-barred under the National Labor Relations Act. 29 U.S.C. § 160(b); *see also DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 172 (1983) (holding that the six-month statute of limitations set forth in Section 10(b) of the NLRA applies to employee civil actions against a union for breach of the duty of fair representation).

this statute of limitation was tolled for any reason, and any allegation that the filing of a grievance by the Union tolled the statutory period for filing a claim with the EEOC is without merit. *See Int'l Union of Elec., Radio & Mach. Workers Local 790 v. Robbins & Myers, Inc.*, 429 U.S. 229, 236 (1976). Accordingly, as Brown's charge was filed well after the 300-day time period to bring his claims to the EEOC or D.C. Office of Human Rights, his claims against the Union are barred.

## C. COMPLAINT FAILS TO ALLEGE ANY PLAUSIBLE CLAIM OF DISCRIMINATION IN SUPPORT OF COUNTS III AND IV

Even if Plaintiff Brown's claims against the Union were timely, the complaint fails to sufficiently allege plausible claims of race discrimination under Title VII or age discrimination under the ADEA against the Union and therefore should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

### 1. Plaintiff Brown fails to allege any facts related to his race in support of his race discrimination claim.

In order to establish a claim of discrimination treatment under Title VII, a plaintiff must show they (i) suffered an adverse employment action and (2) because of a protected trait. *Shanks v. Int'l Union of Bricklayers & Allied Craftworkers*, 134 F.4th 585, 596 (D.C. Cir. 2025) (citing *Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008)). A plaintiff must plead sufficient facts to support an "*inference* of discrimination[,]" in order to sufficiently plead a claim of discrimination. *See Czekalski v. Peters*, 475 F.3d 360, 364 (D.C. Cir. 2007) (emphasis added); *see also Greer v. Bd. Of Trs. of the Univ. of the D.C.*, 113 F. Supp. 3d 297, 310 (D.D.C. 2015) (holding while not required to establish a prima facie case of discrimination, plaintiffs must allege "facts that, if true, would establish the elements of each claim.") (quoting *Tressler v. Nat'l Ry. Passenger Corp.*, 819 F. Supp. 2d 1, 5 (D.D.C. 2011)).

The allegations in the Complaint fail to meet this burden. The Complaint is devoid of any facts to plausibly allege that the Union relied on Brown's race in declining to proceed to arbitration on Brown's grievance.[4] *See Shanks*, 134 F.4th at 596 (affirming complaint "must raise an inference 'that race . . . was *a motivating factor* for any employment practice, even though other factors also motivated the practice.'") (quoting 42 U.S.C. § 2000e-2(m)). The mere allegation that the Union treated Brown "less favorably than similarly situated members" alone is insufficient to raise an inference of discrimination based on race. *See Joyner v. Morrison & Foerster LLP*, 140 F.4th 523, 531 (D.C. Cir. 2025) ("At one extreme, it cannot be enough to simply allege that the plaintiff was treated differently from a 'similarly situated' comparator, without additional allegations showing the comparators are in fact 'similarly situated' in some meaningful respect.") (quoting *Iqbal*, 556 U.S. at 679); *see also Doe #1 v. Am. Fed'n of Gov't Emps.*, 554 F. Supp. 3d 75, 103 (D.D.C. 2021) ("'A plaintiff's assertion that she is similarly situated to others is just a legal conclusion—and a legal conclusion is never enough' to state a claim.") (citation omitted). As Brown has not alleged any facts to identify these comparators, including their race, or any allegations that any such comparators are similarly situated, his claim of race discrimination fails as a matter of law.

2. **Brown's age claim also fails to sufficiently allege facts to state a plausible claim of age discrimination under the ADEA.**

Plaintiff Brown's age claim, Count IV, also fails because he fails to sufficiently allege any facts to plausibly claim that the Union was motivated by his age in determining not to move forward with his grievance. To establish a claim of discrimination based on age under the ADEA,

---

[4] Plaintiff Brown summarily concludes in Count III that "[r]ace was a motivating factor" and "IBEW treated Plaintiff less favorably than similarly situated members." Compl. §§ 74-75. While Count III merely references to the prior factual allegations, without specifying which allegations support the Title VII claim, the Union will assume that Brown intends the Union's refusal to proceed to arbitration on his grievance is the alleged impropriety underlying his claim of race discrimination. *See id.* §§ 60, 73.

a plaintiff must allege he suffered an adverse employment action because of his age. *See Wu v. Special Couns., Inc.*, 54 F. Supp. 3d 48, 52 (D.D.C. 2014).

There are only two allegations that can reasonably be construed as supporting Plaintiff Brown's age discrimination claim:[5] first, that an "IBEW Local 1200 representative stated that Plaintiff was 'late in his career' in 'connection with IBEW Local 1200's decision,'" *see* Compl. §§ 57-58, 78, and second, that "IBEW refused representation while providing it to younger members." Compl. § 77. Brown's vague allegation regarding "younger members" is insufficient for the same reasons Brown's comparator allegation in his race discrimination claim fails – the complaint lacks any facts that identify any similarly situated members who are alleged comparators. *See Townsend v. United States*, 236 F. Supp. 3d 280, 307 (D.D.C. 2017) (finding plaintiff's failure to plead comparator was "significantly younger" than the plaintiff precludes any inference that age was a factor for the discriminatory treatment).

The only possible, plausible allegation left in support of Brown's age discrimination claim, namely the Union representative's alleged statement, does not constitute a "blatant discriminatory statement" that can sufficiently plead a claim of age discrimination. *See* Compl. §§ 57-58, 78; *Townsend*, 236 F. Supp. at 301 (acknowledging a motion to dismiss may be denied where the plaintiff alleges a "plausible connection" between "a blatant discriminatory statement" and adverse action). A statement about one's career does not reflect any unlawful bias. *See Sagar v. Mnuchin*,

---

[5] Plaintiff Brown separately alleges that the Union "did not identify any materially new evidence justifying this reversal," when it reversed its position on his grievance, and therefore the Union's determination was "not based solely on the merits." *See* Compl. §§ 55-56. Such allegations are demonstrably false and cannot be credited when the Plaintiff himself attached the Union's explanation of its decision. Union Business Manager Geoff Turner specifically confirmed that the Union had identified new evidence after receiving documentation produced by CBS that "if introduced at an arbitration hearing, would more likely than not lead an arbitrator to conclude that CBS has just cause of your termination." Compl. Ex. 1 at 1.

305 F. Supp. 3d 99, 110-11 (D.D.C. 2018) (finding statement that the plaintiff "must be quite senior[,] close to retirement" does not constitute direct evidence of discrimination); *cf. Wilson v. Cox*, 753 F.3d 244, 247-48 (D.C. Cir. 2014) (finding statements that certain employees were "'here to retire' rather than to work" and concerns about older employees "falling asleep on the job" are direct evidence of age discrimination because they are the "sort of 'inaccurate and stigmatizing stereotypes'" that led to the enactment of the ADEA) (citation omitted).

Plaintiff Brown further does not allege any meaningful context to the allegedly discriminatory statement, other than that it was "made in connection with" the Union's decision to not move forward. *See* Compl. §§ 57-58; *see Iqbal*, 556 U.S. at 678 (affirming a court need not accept a complaint's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements"); *see also Seed v. Regan*, 643 F. Supp. 3d 129, 137-38 (D.D.C. 2022) (finding an ageist statement "probative of discrimination," but affirming that "there must be a nexus between [a] stray remark and the adverse employment decision.") (quoting *Kalekiristos v. CTF Hotel Mgmt. Corp.*, 958 F. Supp. 641, 665 (D.D.C.), *aff'd sub nom.* 132 F.3d 1481 (D.C. Cir. 1997)). The remark is insufficient on its own to plead a claim of age discrimination when there is no plausible connection between the remark and the non-age related, alleged adverse action, a refusal to move forward to arbitration on a grievance. *Cf. Bowe-Conner v. Shinseki*, 845 F. Supp. 2d 77, 89 (D.D.C. 2012) (finding comment that plaintiff was "one of the 'GOLDEN GIRLS,'" along with allegations of adverse actions, such as no promotion or advancement opportunities, and a salary discrepancy between older and younger employees, sufficient to state an ADEA claim). Accordingly, Plaintiff Brown cannot state a claim for relief under Rule 12(b)(6) for his age discrimination claim.

8

**D.    CONCLUSION**

For the reasons set forth herein, Defendant IBEW Local 1200 respectfully requests that the Court dismiss the complaint in its entirety and with prejudice, and any further relief the Court deems proper.


Date: June 17, 2026                                    Respectfully submitted,

By:_____/s/ *Rebecca W. Richardson*_____
Rebecca W. Richardson (Bar No. 1010961)
Christine Kumar (Bar No. 1742929)
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Ave., NW, Suite 800
Washington, DC 20015
rrichardson@odonoghuelaw.com
ckumar@odonoghuelaw.com
Telephone No.: (202) 362-0041
Facsimile No.: (202) 362-2640
*Counsel for IBEW Local 1200*