**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MICHAEL BROWN**, *Plaintiff*, <br><br> v. <br><br> **CBS BROADCASTING INC., et al.,** *Defendants*. | Civil Action No.: 1:26-cv-02080 E G S |

**PLAINTIFF'S OPPOSITION TO DEFENDANT
IBEW LOCAL 1200'S MOTION TO DISMISS**

Plaintiff Michael Brown, *pro se*, respectfully opposes Defendant IBEW LOCAL 1200'S Motion to Dismiss. Plaintiff submits this Opposition promptly upon learning of Defendant IBEW Local 1200's Motion to Dismiss. Plaintiff did not receive service of the Motion and therefore respectfully submits that this Opposition is timely because the response period did not commence since Plaintiff lacks access to CM/ECF. Alternatively, to the extent the Court concludes leave is required, Plaintiff respectfully requests that this Opposition be accepted as timely for good cause.

**DATED:     JULY  20 , 2026**

Respectfully submitted,

**MICHAEL BROWN**, *pro se*
14301 Duncannon Court
Bowie, MD 20721
Phone: 301-452-8146
Email: mbrowntv@msn.com

**RECEIVED**

JUL 2 0 2026

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MICHAEL BROWN**, *Plaintiff,* v. **CBS BROADCASTING INC., et al.,** *Defendants.* | Civil Action No.: 1:26-cv-02080 |

**PLAINTIFF'S STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF THE
OPPOSITION TO DEFENDANT IBEW LOCAL 1200'S MOTION TO DISMISS**

Plaintiff Michael Brown, *pro se*, respectfully opposes Defendant IBEW LOCAL 1200'S

(the "Union") Motion to Dismiss.

**I.      INTRODUCTION**

Although the Complaint expressly alleges that Plaintiff timely filed a Charge of

Discrimination, received a Notice of Right to Sue, and timely commenced this action, Defendants'

Motion seeks dismissal based upon an alleged failure to timely exhaust administrative remedies

before the Equal Employment Opportunity Commission ("EEOC").  Thus, because untimeliness

is not apparent from the face of the Complaint, dismissal under FED. R. CIV. P. 12(b)(6) is

inappropriate.

**II.     STANDARD OF REVIEW**

To survive a motion under Rule 12(b)(6), a complaint need only contain sufficient factual

allegations to state a plausible claim for relief.  At this stage, the Court must accept Plaintiff's well-

pleaded factual allegations as true and draw all reasonable inferences in Plaintiff's favor.  *See Pena*

*v. A. Anderson Scott Mortg. Group, Inc.*, 692 F. Supp. 2d 102, 106 (D.D.C. 2010).  Further,

dismissal based upon a statute of limitations is appropriate only where untimeliness is apparent from the face of the complaint. *Id. at 109.*

**III.    ARGUMENT**

     A.     Plaintiff's Claims Are Not Time-Barred as a Matter of Law.

The Union argues that Plaintiff's claims are untimely because it assumes Plaintiff first filed a Charge of Discrimination on December 15, 2025. That assumption is incorrect. Plaintiff timely pursued administrative remedies before both D.C.'s Office of Human Rights ("OHR") and the EEOC. *See* Exhibit 1. The administrative record further reflects that Plaintiff filed a Complaint with OHR approximately 286 days after his termination, demonstrating that Plaintiff began pursuing administrative remedies well before the EEOC's subsequent processing of his discrimination charge. However, the present record does not establish the relationship between those proceedings, nor how the EEOC treated Plaintiff's submissions. Hence, those unresolved questions underscore why dismissal on the pleadings is inappropriate.

     B.     The Complaint States Plausible Claims for Relief.

The Union's Motion improperly asks the Court to weigh evidence and resolve disputed facts. The Complaint alleges that the Union initially pursued Plaintiff's grievance, later reversed its position, stated that Plaintiff was "late in his career," and treated Plaintiff less favorably than younger members. At this stage, those factual allegations must be accepted as true and viewed in the light most favorable to Plaintiff. Whether the Union's stated reasons were genuine or pretextual is a factual issue that cannot be resolved on a motion to dismiss.

     C.     Alternatively, Plaintiff Should Be Granted Leave to Amend.

However, if the Court concludes that additional factual allegations concerning Plaintiff's filing chronology or the Union's discriminatory conduct are necessary, Plaintiff respectfully

requests the opportunity to amend. Amendment would not prejudice Defendant and would permit the matter to be resolved on its merits rather than on pleading technicalities.

## IV.   CONCLUSION

Viewed as a whole, the administrative chronology is neither as simple nor as conclusive as Defendant portrays.  For the foregoing reasons, Defendants' Motion to Dismiss should be denied. Alternatively, Plaintiff respectfully requests leave to amend his Complaint.

**DATED:**     **JULY** 20 **, 2026**

Respectfully submitted,

**MICHAEL BROWN,** *pro se*
14301 Duncannon Court
Bowie, MD 20721
Phone: 301-452-8146
Email: mbrowntv@msn.com

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing

was served via U.S. Mail and/or electronic mail, on the following:

Robert R. Niccolini
Ogletree Deakins
1909 K Street, N.W., Suite 1000
Washington, DC 20006
robert.niccolini@ogletreedeakins.com
*Counsel for Defendants CBS Broadcasting Inc. and Paramount Global Inc.*

Rebecca Richardson
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Avenue, N.W., Suite 800
Washington, DC 20015
rrichardson@odonoghuelaw.com
*Counsel for Defendant IBEW*

DATED:   JULY 20 , 2026

Respectfully submitted,

**MICHAEL BROWN**, *pro se*
14301 Duncannon Court
Bowie, MD 20721
Phone: 301-452-8146
Email: mbrowntv@msn.com

6