EXHIBIT 1



**Office of Human Rights**
District of Columbia

Date: ___JULY 6___, 2026

**Complainant:**

Michael Brown
c/o Charles Tolliver, Esq.
charles@legalsupportdc.com

**OHR Inquiry Number:** 19784

**RE:** Michael Brown v. CBS Broadcasting Company, Inc.

Dear Michael Brown,

*This letter constitutes the Office of Human Rights' (OHR) ORDER for administrative dismissal without prejudice regarding the above-referenced matter. The basis for the dismissal is indicated by a check mark below, and a further explanation is provided on the next page.*

☐ Complainant fails to state a claim for which relief can be granted. 4 DCMR §§ 708.1(c), 1610.1, 1622.1.

☐ Complainant has not provided OHR with contact information and OHR in unable to contact Complainant or Complainant failed to contact OHR within thirty (30) days of OHR's telephone contact, e-mail, or mail. 4 DCMR § 708.1(a)-(b).

☐ Complainant has failed to prosecute the complaint or provide OHR with necessary information. *See* 4 DCMR §§ 705.4, 1610.1.

☐ Complainant has submitted a written request to withdraw the complaint. 4 DCMR §§ 708.1; 1610.4.

☐ The complaint was not filed with OHR within one (1) year of the occurrence or discovery of the alleged discriminatory practice. 4 DCMR §§ 702.1(a), 707.1, 1610.3.

☐ The alleged unlawful discriminatory practice did not occur within the District of Columbia. 4 DCMR § 702.1(b).

☐ Respondent does not maintain a presence within the District of Columbia, is not substantially engaged in doing business within the District of Columbia; or is not operating an enterprise which is subject to licensing by the District of Columbia Government. 4 DCMR § 702.1(c).

☐ Respondent no longer exists as a result of a court action. 4 DCMR § 708.1(d).

☐ OHR lacks jurisdiction over Respondent or lacks jurisdiction for other reasons. 4 DCMR §§ 708.1(e), 707.1.

☐ Respondent is a housing provider exempt under D.C. Code § 2-1402.24.

☑ OHR dismisses the complaint for administrative convenience in an exercise of its prosecutorial discretion. *See Timus v. District of Columbia Dept. of Human Rights*, 633 A.2d 751, 760 (D.C. 1993); *Honig v. District of Columbia Office of Human Rights*, 388 A.2d 887, 888 (D.C. 1978).



GOVERNMENT OF THE
DISTRICT OF COLUMBIA
MURIEL BOWSER, MAYOR

Marion S. Barry Jr. Building, 441 4th Street NW, Suite 570 North Washington, DC 20001
ohr.dc.gov | Email: ohr@dc.gov | Phone: (202) 727-4559 | Fax: (202) 727-9589 | TTY: 711

**Further Explanation:**

On March 27, 2025, Complainant filed an Employment Intake Questionnaire alleging that CBS Broadcasting Company, Inc. (Respondent) discriminated against Complainant based on Complainant's sex, sexual orientation, race and age when Respondent subjected Complainant to a hostile work environment, discipline, lack of promotion and discharge.

OHR has found that after Complainant filed his Questionnaire with OHR, on December 15, 2025 he filed the same allegations against Respondent in a Charge of Discrimination with the United States Equal Employment Opportunity Commission (EEOC), as Case No. 570-2026-00242. On January 12, 2026, the EEOC issued Complainant a Notice of Right to Sue. On April 7, 2026, Complainant filed suit against Respondent in Superior Court for the District of Columbia, which was subsequently removed to the United Stated District Court for the District of Columbia on June 12, 2026, as Case No. 1:26-cv-02080-MJS. Like his EEOC Charge, this court complaint concerns the same allegations Complainant raised to OHR, including but not limited to Respondent's termination of his employment on June 14, 2024.

The D.C. Human Rights Act contains, in D.C. Code § 2-1403.16, an election of remedies provision that provides that "'where one opts to file with the OHR, he or she generally may not also file a complaint in court.'" *Griffin v. Acacia Life Ins. Co.*, 925 A.2d 564, 573 (D.C. 2007) (quoting *Brown v. Capitol Hill Club*, 425 A.2d 1309, 1311 (D.C. 1981)). By first filing with OHR, Complainant should not have filed his complaint in court prior to a written withdrawal or dismissal of his OHR complaint. By nonetheless doing so, Complainant circumvented the election of remedies requirement laid out in § 2-1403.16. OHR concludes that the requirements of that statute mandate that OHR administratively dismiss the instant Complainant.

Even if § 2-1403.16 did not mandate the dismissal of Complainant's complaint, OHR would nonetheless exercise its inherent prosecutorial discretion to dismiss the complaint on the grounds of administrative convenience. *See Matthews v. Automated Bus. Sys. & Servs., Inc,*, 558 A.2d 1175, 1181 (D.C. 1989); *see also Honig v. D.C. Office of Human Rights*, 388 A.2d 887, 888 (D.C. 1978) (holding that OHR has "inherent authority . . . to exercise jurisdictional discretion in enforcing the public policy pronounced in its organic legislation"). Accordingly, OHR administratively dismisses the instant complaint.

## POST-DETERMINATION RIGHTS

### I.    D.C. HUMAN RIGHTS ACT CLAIMS

**Request to Reopen**

A request that OHR reopen an administratively dismissed Human Rights complaint must be submitted to the OHR Director, at ohr.ogc@dc.gov, within thirty (30) days of the receipt of this letter and must specifically state the reasons why the complaint should be reopened. 4 DCMR § 708.3. A complaint may be reopened by the OHR Director for good reason or in the interest of justice, based on the Director's discretion, if there has been no OHR determination on the merits. 4 DCMR § 708.4.

**Notice of Right to File Civil Action (D.C. Code § 1403.06a(1)-(2))**

OHR has administratively dismissed this matter due to Complainant's request to withdraw, lack of jurisdiction, or administrative convenience. Accordingly, for claims under the D.C. Human Rights Act, Complainant may now file a private cause of action in a court of competent jurisdiction. D.C. Code § 2-1403.16(a). The D.C. Human Rights Act allows claims to be filed in a court of competent jurisdiction within two (2) years from the incidents in question or within 90 days of the service of this Notice, whichever is longer. D.C. Code § 2- 1403.16(b)-(c). The timely filing of a complaint with OHR shall toll the running of the two-year statute of limitations while the complaint is pending until after OHR serves this Notice. D.C. Code § 2-1403.16(b)(2).

**Petitions for Review**

If Complainant does not file a Request to Reopen with OHR or a private cause of action in a court of competent jurisdiction, this letter constitutes a final decision of OHR. Complainant has 30 days from the date of service to file a Petition for Review with the D.C. Superior Court. *See* D.C. Super. Ct. Agency R. 1(b).

**Notice Regarding Potential Federal Claims**

Complainant may wish to file an employment discrimination complaint with the Equal Employment Opportunity Commission ("EEOC") at 131 M Street, N.E., Fourth Floor, Suite 4NWO2F, Washington, DC 20507-0100, or a housing discrimination complaint with the Department of Housing and Urban Development ("HUD") at http://portal.hud.gov/hudportal/HUD?sre=/topics/housing_discrimination based on the allegations contained within the complaint which OHR has dismissed. Or, if a case has already been cross-filed with the EEOC, Complainant may wish to contact the EEOC or to request a Right to Sue letter.

### II.    PROTECTING PREGNANT WORKERS FAIRNESS ACT CLAIMS

**Private Cause of Action and Petitions for Review**

The decision to administratively dismiss a claim under the Protecting Pregnant Workers Fairness Act ("PPWFA") is final and complainants do not have the right to request reopening of their OHR complaint. Complainants may file a private cause of action in the D.C. Superior Court within one (1) year of the alleged violation. *See* D.C. Code § 32-1231.06. Alternatively, Complainant may file a written petition for review in the D.C. Superior Court within 30 days of the date of service. D.C. Code § 32-1231.08(b); 4 DCMR §§ 121.1; 121.3.

**Notice Regarding Potential Federal Claims**
Complainant may wish to file an employment discrimination complaint with the Equal Employment Opportunity Commission ("EEOC") at 131 M Street, N.E., Fourth Floor, Suite 4NWO2F, Washington, DC 20507-0100 based on the allegations contained within the complaint which OHR has dismissed. Or, if a case has already been cross-filed with the EEOC, Complainant may wish to contact the EEOC or to request a Right to Sue letter.

## III.    D.C. FAMILY AND MEDICAL LEAVE ACT CLAIMS

The decision to administratively dismiss a claim under the D.C. Family and Medical Leave Act ("DCFMLA") is final and complainants do not have the right to request reopening of their OHR complaint. Complainants may file a private cause of action in the D.C. Superior Court within one (1) year of the alleged violation. *See* D.C. Code § 32-510. The deadline has been tolled while the complaint has been pending at OHR. 4 DCMR § 1610.3. Alternatively, Complainant has 30 days from the date of service to file a Petition for Review with the D.C. Superior Court. *See* D.C. Super. Ct. Agency R. 1(b). *See also Small v. D.C. Off. of Hum. Rts.*, 768 A.2d 994, 996 (D.C. 2001) (holding that a complainant's recourse for judicial review of a no probable cause decision under the DCFMLA "is to file an action seeking review in the Superior Court").

## IV.    FAIR CRIMINAL RECORD SCREENING ACT IN EMPLOYMENT & FAIR CRIMINAL RECORD SCREENING FOR HOUSING ACT

**Request to Reopen**
A request that OHR reopen an administratively dismissed complaint must be submitted to the OHR Director, at ohr.ogc@dc.gov, within thirty (30) days of the receipt of this letter and must specifically state the reasons why the complaint should be reopened. 4 DCMR § 708.3. A complaint may be reopened by the OHR Director for good reason or in the interest of justice, based on the Director's discretion, if there has been no OHR determination on the merits. 4 DCMR § 708.4.

**Petitions for Review**
If Complainant does not file a Request to Reopen with OHR, this letter constitutes a final decision of OHR. Complainant has 30 days from the date of service to file a Petition for Review with the D.C. Superior Court. *See* D.C. Super. Ct. Agency R. 1(b).

Sincerely,

Elizabeth Fox-Solomon
Interim Director

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on _____July 6, 2026_____ (date), I

caused <u>OHR's Administrative Dismissal Order</u> to be served on the following

individuals via e-mail:                          (method of delivery):

Michael Brown
c/o Charles Tolliver, Esq.
charles@legalsupportdc.com

*Complainant*

OHR.EnforcementPurple@dc.gov
Enforcement Manager

jaime.diaz@dc.gov
Human Rights Officer

Patrice Sanches                          *Patrice Sanches*
Name                                     Signature