**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Michael Brown | ) | |
| Plaintiff, | ) | Civil Action No.: 1:26-cv-02080-MSJ |
| v. | ) | |
| CBS Broadcasting Inc. et al. | ) | |
| Defendants. | ) | |

**DEFENDANT INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 1200 REPLY IN SUPPORT OF MOTION TO DISMISS**

Date: September 23, 2026

Respectfully submitted,

By:/s/ *Rebecca W. Richardson*
Rebecca W. Richardson (Bar No. 1010961)
Christine Kumar (Bar No. 1742929)
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Ave., NW, Suite 800
Washington, DC 20015
rrichardson@odonoghuelaw.com
ckumar@odonoghuelaw.com
Telephone No.: (202) 362-0041
Facsimile No.: (202) 362-2640
*Counsel for IBEW Local 1200*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Michael Brown<br><br>Plaintiff,<br><br>v.<br><br>CBS Broadcasting Inc. et al.<br><br>Defendants. | Civil Action No.: 1:26-cv-02080-MSJ |

Pursuant to Fed. R. Civ. P. 12(b)(6) and District of Columbia LCvR 7(d)[1], Defendant International Brotherhood of Electrical Workers, Local 1200 ("Union"), by and through undersigned counsel, submits this Reply in Support of its Motion to Dismiss Plaintiff Michael Brown's Complaint ("Complaint"). ECF No. 1. Plaintiff Brown's Opposition to the Union's Motion to Dismiss ("Opposition"), ECF No. 19, fails to adequately address the fatal defects in the Complaint, specifically that the claims against the Union are time-barred and fail as a matter of law. Accordingly, for the reasons herein and in the Union's Motion to Dismiss, ECF No. 12, the Complaint should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

**I. The Plaintiff's Opposition Fails to Adequately Address the Timeliness Issue**

The Union moved to dismiss the Plaintiff's Complaint because the Plaintiff failed to timely file claims of discrimination with the Equal Employment Opportunity Commission ("EEOC")

[1] Pursuant to the Court's Order issued on July 29, 2026, this Reply is submitted timely by the September 25, 2026 deadline.

within 300 days of the act of discrimination or with the D.C. Office of Human Rights ("OHR"). *See* ECF No. 12 (Union's Motion to Dismiss) at 5. The Plaintiff's only argument in response is based on the allegation that he first pursued a complaint with the D.C. Office of Human Rights "approximately 286 days after his termination." Opposition at 3. The Plaintiff's supporting exhibit, a notice from the OHR administratively dismissing his complaint, confirms he filed a complaint with OHR on March 27, 2025, but only against CBS Broadcasting, Inc., not the Union. *See id*. at Exhibit 1. Accordingly, any argument that his complaint was timely because of his earlier OHR complaint does not support a claim against the Union. *See Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.D.C. 1994) ("However, the court need not accept inferences draw by plaintiffs if such inferences are unsupported by the facts set out in the complaint."). The facts show that the Plaintiff only filed a complaint against the Union with the EEOC on December 15, 2025, 479 days after the Union informed the Plaintiff of its decision not to proceed with his grievance. *See* Union's Motion to Dismiss at Exhibit A. As the Plaintiff failed to timely file claims of discrimination with OHR or the EEOC, his Complaint against the Union is untimely and not actionable. *See* 42 U.S.C. § 2000e-5(e)(1); *see also Leftwich v. Gallaudet Univ.*, 878 F.Supp.2d 81, 90-91 (D.D.C. 2012).

The remainder of the Plaintiff's Opposition fails to meaningfully rebut any of the Union's arguments and instead regurgitates the same, conclusory allegations that do not demonstrate any entitlement to relief. At the outset, the Plaintiff seemingly only addresses his ADEA claim, repeating the same vague allegations from his Complaint. *Compare* Opposition at 3 *with* Complaint at ¶¶ 57-59. As such, Plaintiff has waived his race discrimination claim. *See Lewis v. Yellen*, Civ. Action No. 20-3431, 2022 WL 1446670, at *3 (D.D.C., Mar. 2, 2022) (finding argument regarding plaintiff's age discrimination claim because she "could have, but did not"

address the claim in her Opposition to the Motion to Dismiss) (internal citations omitted). With regard to his ADEA claim, the Plaintiff does not address any of the Union's arguments in its Motion to Dismiss and rather repeats the same conclusory allegations that do not adequately plead a claim. *See* Opposition at 3. Even accepting the allegations as true, a Union representative stating that the Plaintiff was "late in his career," on its own, does not constitute direct evidence of discrimination. *See Seed v. Regan*, 643 F.Supp.3d 129, 137-138 (D.D.C. 2022) (affirming a statement only constitutes direct evidence of discrimination if it "proves the particular fact in question *without any need for inference*."). The Plaintiff further fails to address in his Opposition the claim that "younger members" were treated more "favorably" is too vague to establish an inference of discrimination. *See* Opposition at 3. Without any allegations regarding how the Plaintiff is similarly situated to the "younger members" who received more favorable treatment, such unfurnished claim is insufficient to establish a claim of discrimination. *See Dismukes v. U.S. Dep't of Veterans Affairs*, Civ. Action No. 23-cv-02259, 2025 WL 343190, at *6 (D.D.C. Jan. 30, 2025) (finding plaintiff failed to establish inference of discrimination in part because he failed to provide any information regarding how he was similarly situated to comparator). In sum, Plaintiff's threadbare allegations, even if taken as true, do not adequately plead a claim of discrimination under the ADEA.

## II. Plaintiff's Motion for Leave to File an Amended Complaint Must be Denied

Under District of Columbia LCvR 7(i), all motions for leave to file an amended pleading "shall be accompanied by an original of the proposed pleading as amended." As the Plaintiff has failed to attach a proposed pleading to his Opposition, his motion is incomplete and should therefore be denied.

**III. Conclusion**

For the reasons set forth herein and in its Motion to Dismiss, Defendant IBEW Local 1200 respectfully requests that the Court dismiss the complaint in its entirety and with prejudice, and any further relief the Court deems proper.

Date: September 23, 2026

Respectfully submitted,

By:____/s/ *Rebecca W. Richardson*______

Rebecca W. Richardson (Bar No. 1010961)
Christine Kumar (Bar No. 1742929)
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Ave., NW, Suite 800
Washington, DC 20015
rrichardson@odonoghuelaw.com
ckumar@odonoghuelaw.com
Telephone No.: (202) 362-0041
Facsimile No.: (202) 362-2640
*Counsel for IBEW Local 1200*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Michael Brown | ) | |
| Plaintiff, | ) | Civil Action No.: 1:26-cv-02080-MSJ |
| v. | ) | |
| CBS Broadcasting Inc. et al. | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of September, 2026, the foregoing was filed using the Court's CM/ECF service and served via U.S. Mail and electronic mail on the following:

Michael Brown
14301 Duncannon Court
Bowie, MD 20721

Charles Tolliver
The Law Office of Charles Tolliver, PLLC
1629 K Street, N.W., Suite 300
Washington, D.C. 20006
charles@legalsupportdc.com
*Counsel for Plaintiff*

Robert R. Niccolini
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
1909 K Street, N.W., Suite 1000
Washington, D.C. 20006
Robert.niccolini@ogletreedeakins.com
*Counsel for CBS Broadcasting Inc. and Paramount Global Inc.*

By:____/s/ *Rebecca W. Richardson*______
Rebecca W. Richardson
*Counsel for IBEW Local 1200*